UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIMOTHY HAMMONS, et al.                                             PLAINTIFFS

v.                                             CIVIL ACTION NO. 3:09CV-217-S

FREDERICK A. SIMMONS, III, et al.                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants, Frederick A. Simmons, III, *et al.*, to preclude the plaintiffs, Timothy Hammons, *et al.*, from calling Dr. Mark Barrett as an expert witness at trial (DN 25).

On September 23, 2009, the defendants noticed Hammons for an independent medical examination to be performed by Dr. Mark Barrett pursuant to Fed.R.Civ.P. 35(a). Hammons submitted to the examination and thereafter Dr. Barrett's report was provided to the plaintiffs in accordance with Fed.R.Civ.P. 35(b). The plaintiffs supplemented their expert disclosures and designated Dr. Barrett as an expert they intend to call at trial. The defendants moved to strike this expert witness designation on the ground that the plaintiffs are not permitted to call a non-testifying consulting expert for the defense.

The plaintiffs oppose the motion to strike, attempting to distinguish in their analysis a consulting expert from a "non-adversarial" expert employed under Fed.R.Civ.P. 35. Fed.R.Civ.P. 35 provides, in pertinent part:

> The court where the action is pending may order a party whose...physical condition...is in controversy to submit to a physical...examination by a suitably licensed or certified examiner...

> The party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report...
>
> The examiner's report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests...

The plaintiffs contend that because Hammons was required to submit to a Rule 35 independent medical examination, "[i]n return for suffering [such] an invasion of his person, the examined party is entitled to make use of such information as results from the examination." *Crowe v. Nivison*, 145 F.R.D. 657 (D.Md. 1993). *See also, Fitzpatrick v. Holiday Inns, Inc.,* 507 F.Supp. 979 (E.D.Penn. 1981). However, this "entitlement" standard[1] has not been embraced by the Sixth Circuit.

There is precious little authority in this circuit on this issue. However, under the authority that exists, the plaintiffs may not call Dr. Barrett as their own expert witness. *Zvolensky v. Ametek, Inc.,* 142 F.3d 438 (Table), 1998 WL 124047 (6th Cir. Mar. 12, 1998); *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F.Supp.2d 899 (N.D.Ohio 2009). Both of these case reinforce that the Sixth Circuit "generally forbids a party from calling the opposing party's expert as a witness at trial, even if the opposing party does not intend to use that expert." *Olmstead*, *supra.* at 903, *citing, Zvolensky, supra.* It is of no moment that the expert was retained to conduct an independent medical examination of Hammons. "The benefit to the party subjected to a Rule 35 exam is the right to obtain a report of the Rule 35 examiner and discover the opinions expressed therein in order to prepare for trial. *See* Fed.R.Civ.P. 35(b)(1). That is all that Rule 35 guarantees, and that is confirmed by Rule 26(b)(2)(b)." *Lehan*, 190 F.R.D. at 672. In *Olmstead, supra.,* the court explained that

> The purpose of Rule 26(b)(4)(A) is to ensure that parties can properly prepare for cross-examination of expert witness [sic] at trial. Fed.R.Civ.P. 26, Advisory

---

[1] as described in *Lehan v. Ambassador Program, Inc.*, 190 F.R.D. 670 (D.E.D.Wash. 2000)

Committee Notes (1970); [citations omitted]. Rule 26(b)(4)(B), meanwhile, is intended to prevent the unfairness of allowing one party to benefit from the opposing party's trial preparation. Fed.R.Civ.P. 26, Advisory Committee Notes (1970); [citations omitted]. "A party must as a practical matter prepare his own case in advance of [disclosure of experts and reports], for he can hardly hope to build his case out of his opponent's experts." Fed.R.Civ.P. 26, Advisory Committee Notes (1970).

Finally, even under a more lenient and discretionary standard, no "exceptional circumstances" have been shown which would sway the court to permit the plaintiffs to call Dr. Barrett. *See, Lehan, supra.*

Therefore, motion having been made and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendants, Frederick A. Simmons, III, *et al*., to strike Dr. Mark Barrett from the plaintiffs' expert witness designation is **GRANTED**.

**IT IS SO ORDERED.**